UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICK BATES,                                     :          Case No. 1:06-cv-669
                                                   :
                 Plaintiff,                        :          Dlott, J.
                                                   :          Black, M.J.
vs.                                                :
                                                   :
MEDICAL MUTUAL OF OHIO, *et al.*,                  :
                                                   :
                 Defendants.                       :

**REPORT AND RECOMMENDATION[1] THAT: (1) THE COMPLAINT BE
DISMISSED FOR LACK OF PROSECUTION; (2) DEFENDANT'S MOTION TO
DISMISS (Doc. 8) BE DENIED AS MOOT; AND (3) THIS CASE BE CLOSED**

Plaintiff initiated this civil action seeking payment of medical expenses by filing a

Statement of Claim in the Clinton County, Ohio Municipal Court on August 18, 2006.

(*See* Doc. 2). Defendants removed the action to federal district pursuant to 28 U.S.C. §

1441(c) based on federal question jurisdiction, on the ground that Plaintiff's claims arise

under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §

1001 *et seq.* (Doc. 1.)

Notice was sent to the parties on December 27, 2006 advising them of the

requirements to conduct a mandatory discovery conference under Fed. R. Civ. P. 26(f)

and to file a Joint Proposed Discovery Plan. (Doc. 4.)

Defendants filed a proposed discovery plan on February 23, 2007. (*See* Doc. 6.)

---

[1]     Attached hereto is a NOTICE to the parties regarding objections to this Report
and Recommendation,

Defendants alleged that Plaintiff did not respond to their request to participate in the conference. (*Id.*)

On March 2, 2007, Defendant Local Union No. 212 IBEW Health and Welfare Fund ("IBEW") filed a motion to dismiss this action based, *inter alia*, on failure to state a claim upon which relief can be granted and lack of jurisdiction. (Doc. 8). Plaintiff did not respond to the motion to dismiss.

On April 26, 2007, the Court ordered plaintiff to show cause on or before May 14, 2007 why the motion should not be construed as unopposed and granted. (Doc. 17). The Order To Show Cause noted the Court's inherent power to dismiss civil actions *sua sponte* for lack of prosecution. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

Plaintiff has not responded to the Court's Order To Show Cause and has not filed any Motion, Memoranda, or other paper in this case since August 18, 2006 when he filed his claim in the municipal court.

Although the Court prefers to adjudicate cases on their merits, plaintiff has engaged in a clear pattern of delay by failing to respond to the Court's Order to Show Cause, by failing to participate in the Rule 26(f) discovery conference, and by not prosecuting his case in any manner since August 18, 2006, more than nine months ago. Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link*, 370 U.S. at 630-31 (1962); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). *See also Murray v. Target Dept. Stores*, 56 Fed. Appx.

246, 246-47 (6th Cir. Feb 14, 2003) (affirming dismissal of case for lack of prosecution where plaintiff failed to comply with orders of the court or to further the prosecution of her case).

## IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff's complaint (Doc. 2) be **DISMISSED** for lack of prosecution pursuant to Fed. R. Civ. P. 41(b);

2.    Defendant IBEW's motion to dismiss  (Doc. 8) be **DENIED AS MOOT**; and

3.    This case be **CLOSED**.

Date: 5/29/07

Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICK BATES, | : | Case No. 1:06-cv-669 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| MEDICAL MUTUAL OF OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).